a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MELVIN D. SPELLS,                    CIVIL DOCKET NO. 1:20-CV-0818-P
Petitioner

VERSUS                               JUDGE DRELL

WARDEN,                              MAGISTRATE JUDGE PEREZ-MONTES
Respondent

---

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. §
2241 (ECF No. 1) filed by *pro se* Petitioner Melvin D. Spells ("Spells") (#08125-028).
Spells is an inmate in the custody of the Federal Bureau of Prisons incarcerated at
the United States Penitentiary in Pollock, Louisiana. Spells challenges his conviction
and sentence for unlawful possession of a firearm.

Because Spells cannot meet the requirements of the savings clause of 28 U.S.C.
§ 2255(e), the Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I.   Background

Spells was convicted by a jury of robbery affecting interstate commerce in
violation of 18 U.S.C. § 1951(a), brandishing a firearm during and in relation to a
crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and being a felon in
possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Spells*,
No. 1:06-CR-00075 (S.D. Ind.). He was sentenced under the Armed Career Criminal
Act ("ACCA"), 18 U.S.C. § 924(e), to a term of 324 months of imprisonment.

After the United States Supreme Court held that the residual clause of the ACCA was unconstitutional, *Johnson v. United States*, 135 S. Ct. 2551 (2015), and that *Johnson* announced a new substantive rule of constitutional law that was retroactive to ACCA defendants, *Welch v. United States*, 136 S. Ct. 1257 (2016), Spells filed a motion to vacate under 28 U.S.C. § 2255. The Court granted Spells's motion and resentenced him to a total term of 234 months of imprisonment. *See Spells v. United States*, 1:18-CV-03806, 2018 WL 6448766, at *1 (S.D. Ind. Dec. 10, 2018).

In his § 2241 Petition, Spells challenges his § 922(g) conviction under *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

## II.  Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. *See Reyes–Requena v. U.S.*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. *See Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citing *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). Claims cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence

2

imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

Section 2255 contains a "savings clause" provision, which is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. *See Pack*, 218 F.3d at 452. The clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

To proceed under the savings clause of § 2255(e), a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *See Reyes–Requena*, 243 F.3d at 904; *Robinson v. United States*, 812 F.3d 476, 477 (5th Cir. 2016).

Spells argues that he may proceed under the savings clause because *Rehaif,* announced a new interpretation of a statute that should apply retroactively to his case. Although the Supreme Court and the Fifth Circuit Court of Appeals have not addressed whether *Rehaif* is retroactively applicable to cases on collateral review,

3

the Eleventh Circuit and numerous district courts—including courts within the Fifth Circuit—have determined that *Rehaif* is not retroactively applicable. *See* In re *Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* was not made retroactive to cases on collateral review); *Helm v. United States*, 2:19-CV-00306, 2020 WL 4480868, at *3 (S.D. Tex. June 30, 2020), *report and recommendation adopted*, 2020 WL 4470399 (S.D. Tex. Aug. 4, 2020) (denying relief under § 2241 because *Rehaif* does not apply retroactively on collateral review); *Williams v. Underwood*, 3:19-CV-2043, 2020 WL 1866895, at *2 (N.D. Tex. Mar. 17, 2020), *report and recommendation adopted*, 3:19-CV-2043, 2020 WL 1862576 (N.D. Tex. Apr. 14, 2020) (same); *Hunter v. Quintana*, 5:19-CV-300, 2020 WL 50399, at *2 (E.D. Ky. Jan. 3, 2020) (same); *Robbins v. Warden, FCI Beaumont*, 1:19-CV-388, 2019 WL 5596829, at *1 (E.D. Tex. Oct. 30, 2019).

Because *Rehaif* is not retroactively applicable to cases on collateral review, Spells cannot meet the first requirement of the savings clause. But even if this Court found that *Rehaif* applied retroactively, Spells's claim would still fail because *Rehaif* does not establish that he is "actually innocent" of the § 922(g) charge.

In *Rehaif*, the petitioner was an alien who entered the country on a nonimmigrant student visa to attend college, but was dismissed for poor grades. *Id.* at 2194. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. *Id.* The petitioner subsequently visited a firing range, where he shot two firearms. After learning of the petitioner's visit to the firing range, the Government prosecuted him

for possessing firearms as an alien unlawfully present in the United States under 18 U.S.C. § 922(g) and § 924(a)(2).  After being convicted, the United States Supreme Court ultimately granted certiorari and held that, in a prosecution under § 922(g), the Government must prove that a defendant knows of his status as a person barred from possessing a firearm.  *Id.* at 2195.

*Rehaif* requires that a defendant possessed a firearm while being actually aware of his "relevant status," meaning that he knew that he was "a felon, an alien unlawfully in this country, or the like." *Rehaif*, 139 S. Ct. at 2195-96.  Federal courts have interpreted the Supreme Court's holding in this manner and have "squarely rejected the notion that *Rehaif* requires that a defendant know that he was prohibited from possessing a firearm as a result of that status." *See Walker v. Quintana*, 5:19-CV-321, 2019 WL 6310722, at *2 (E.D. Ky. Nov. 25, 2019) (citing *United States v. Bowens*, 938 F. 3d 790, 797 (6th Cir. 2019); *see also Gray v. United States*, 3:19-CV-607, 2020 WL 127646, at *3 (M.D. Tenn. Jan. 10, 2020) ("While *Rehaif* was in a situation where a reasonable person could be confused about his immigration status, Gray can make no such argument about the status of his prior felony conviction.")

Spells does not allege that he did not know of his status as a felon.  As the United States Court of Appeals for the Fifth Circuit has noted:

> Convicted felons typically know they're convicted felons.  And they know the Government would have little trouble proving that they knew.  So it is hard to imagine how their conviction or guilty plea was prejudiced by any error under *Rehaif.*  As Justice Alito put it: "Juries will rarely doubt that a defendant convicted of a felony has forgotten that experience, and therefore requiring the prosecution to prove that the defendant knew that he had a prior felony conviction will do little for defendants." *Rehaif*, 139 S. Ct. at 2209 (Alito, J., dissenting).

*United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020).

III.  <u>Conclusion</u>

Because Spells cannot meet the requirements of the savings clause of § 2255(e), IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Spells's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court.  The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party

---

[1] *Pack*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Wednesday, September 9, 2020.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

7